UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Timothy Katzen v. Amy L. Mathola

**Case Number:** 05-01180

## Document Information

**Description:** Memorandum Opinion re: [16-1] Motion For Summary Judgment and Supporting Memorandum by Timothy Katzen .

**Received on:** 2006-04-06 11:40:45.000

**Date Filed:** 2006-04-06 00:00:00.000

**Date Entered On Docket:** 2006-04-07 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: AMY METHOLA,                       Case No. 7-05-14453 MR
      Debtor.

TIMOTHY KATZEN, M.D.,
      Plaintiff,

v.                                                                Adversary No. 05-01180

AMY METHOLA,
      Defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Motion for Summary Judgment filed by Plaintiff, Timothy Katzen, M.D., by and through his attorney of record, Jennie D. Behles. Having reviewed Plaintiff's Motion for Summary Judgment, the Court finds that the judgment obtained by the Plaintiff in California state court precludes re-litigation of the issues before this Court and satisfies the requirements for finding the debt at issue non-dischargeable under 11 U.S.C. § 523(a)(6). The Court will, therefore, grant Plaintiff's Motion for Summary Judgment.

### BACKGROUND

Plaintiff filed a Complaint Objecting to Dischargeability of Debt ("Complaint") under 11 U.S.C. § 523(a). The basis of Plaintiff's complaint is a default judgment obtained against Defendant Amy Methola in the Superior Court of California, County of Los Angeles entered in Case No. 03C00748 on December 10, 2003 ("State Court Judgment"). The State Court Judgment awarded Plaintiff a total of $26,939.16.

Plaintiff asserts that the State Court Judgment determines that the debt represented thereby was the result of Defendant's willful and malicious injury, rendering the debt non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## STANDARD

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Principles of collateral estoppel apply to actions for non- dischargeability of debt filed in connection with bankruptcy proceedings, provided the standard of proof and the elements of the cause of action are identical to those required for non-dischargeability under the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 284-85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). The standard of proof required for nondischargeability actions is the preponderance of evidence. *Id.* at 291; *In re Edie,* 314 B.R. 6, 14 (Bankr.D.Utah 2004) (standard of proof for a non-dischargeability action brought under 11 U.S.C. 523(a)(6) is the preponderance of evidence) (citing *Grogan,* 498 U.S. at 291). Here, Plaintiff asserts that the State Court Judgment is sufficient to grant summary judgment, implicating the application of collateral estoppel. Collateral estoppel has been applied to grant summary judgment in nondischargeability actions premised upon a state court judgment for defamation. *See, e.g., In re Warren,* 204 B.R. 66 (Bankr.N.D.Okla. 1996) and *In re Cline,* 227 B.R. 828 (Bankr.S.D.Ind. 1998). In applying collateral estoppel principles to state court judgments,

2

a federal court must apply the state law governing collateral estoppel for the state where the judgment was rendered. *In re Shore,* 317 B.R. 536, 541 (10th Cir. BAP 2004) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 174 (1985) (holding that unless an exception to the Full Faith and Credit Statute applies, state law will determine the preclusive effect of a prior state court judgment in cases exclusively within federal jurisdiction)).

<u>CALIFORNIA LAW</u>

Under California law, the application of collateral estoppel requires that: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *In re Kelly,* 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd,* 100 F.3d 110 (9th Cir.1996). "In California, it is well settled that a default judgment is: 'conclusive to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on the allegations denied by the answer. . . Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.'" *In re Younie*, 211 B.R. 367, 375 (9th Cir. BAP 1997), *aff'd*, 163 F.3d 609 (9th Cir. 1998) (quoting *In re Moore,* 186 B.R. 962, 971 (Bankr.N.D.Cal.1995) (quoting *Fitzgerald v. Herzer,* 78 Cal.App.2d 127, 177 P.2d 364, 366 (1947).[1] Likewise, under California law,

---

[1] See also; *In re Green*, 198 B.R. 564 (9th Cir. BAP 1996)(California default judgment was entitled to collateral estoppel effect in Chapter 7 dischargeability proceeding; under California law, default judgments

3

"a default judgment satisfies the 'actually litigated' requirement for the application of collateral estoppel." *Id.* (internal citations omitted).

## UNDISPUTED FACTS

The following facts are undisputed:

1. On December 11, 2003, the Superior Court of the State of California awarded Plaintiff a default judgment against defendant for conversion and breach of contract in the amount of $26, 939.16 including interest, costs and exemplary damages.

2. The third cause of action in that Complaint (attached as an exhibit to Plaintiff's motion for summary judgment) specifically provided, after having incorporated all of the other allegations:

   > "Plaintiff is informed and believes and, based on said information and belief, alleges that in or about December, 2002, Defendant Amy Methola received a check from her health insurance carrier in the amount of $18,437.20. Said check was intended to pay Plaintiff for his medical services to the Defendant. Plaintiff has made demand on Defendant to send the monies to Plaintiff. Defendant has failed and refused and continues to fail and refuse to send said monies to the Plaintiff and instead has converted said monies to her own use."

---

have collateral estoppel effect.); *Four Star Electric, Inc. v. F & H Construction,* 7 Cal.App.4th 1375, 1380, 10 Cal.Rptr.2d 1 (1992); *Mitchell v. Jones,* 172 Cal.App.2d 580, 342 P.2d 503, 507 (1959) (California law also provides that default judgments are entitled to collateral estoppel effect.)

4

3.  In an Exemplary Damages attachment to the Complaint, Plaintiff alleges that the Defendant was guilty of malice. The facts plead in the Complaint supporting Plaintiff's claim are as follows:

    > "Defendant has acted with malice in intentionally keeping the insurance money intended for Plaintiff and converting it to her own use."

4.  On July 22, 2004, the District Court for Eddy County, New Mexico gave credit to the California judgment including costs and interest for a total amount of $29,039.70.

5.  Defendant's wages were garnished pursuant to the judgment entered in District Court for Eddy County, New Mexico

ANALYSIS

Pursuant to 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" cannot be discharged through bankruptcy. 11 U.S.C. § 523(a)(6). In order for a debt to be declared non-dischargeable under 11 U.S.C. § 523(a)(6), the debtor must have acted both willfully and maliciously. *Panalis v. Moore, (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004) (nondishargeability under § 523(a)(6) requires proof of both a "willful act" and "malicious injury."); *In re Gagle,* 230 B.R. 174, 179 (Bankr.D.Utah 1999) ("Because they are distinct elements, . . . [Plaintiff] must establish that the Debtors' conduct was both willful and malicious.")(citation omitted). Willfulness requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (emphasis in original). Malice, which is a separate and distinct requirement under 11

5

U.S.C. § 523(a)(6), requires a showing that the debtor acted "without justification or excuse." *Gagle,* 230 B.R. at 181. *See also In re Tinkler,* 311 B.R. 869, 880 (Bankr.D.Colo. 2004) (malice requires a showing of a wrongful, intentional act taken without just cause or excuse) (relying on *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)); *In re Cline,* 227 B.R. at 830 ("an act is 'malicious' if it is done 'in conscious disregard of one's duties or without just cause.'") (quoting *Matter of Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir. 1986)).

Under California law, conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. *Messerall v. Fulwider* (1988) 199 Cal.App.3d 1324, 1329, 245 Cal.Rptr. 548; *Enterprise Leasing Corp. v. Shugart Corp.* (1991) 231 Cal.App.3d 737, 747, 282 Cal.Rptr. 620.

A conversion, under California law, establishes the debtor's "wrongful exercise of dominion over the personal property of another," but it "does not necessarily decide the type of wrongful intent on the part of the debtor that is necessary for the damages to be a nondischargeable debt under § 523(a)(6)." *Peklar v. Ikerd (In re Peklar),* 260 F.3d 1035, 1037-39 (9th Cir.2001) (citing *Taylor v. Forte Hotels Int'l,* 235 Cal.App.3d 1119, 1124, 1 Cal.Rptr.2d 189 (1991)). The court must also find that the conversion was intentional, as

6

defined in *Geiger* and its progeny. *Kawaauhau v. Geiger,* 523 U.S. 57, 61-64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "The willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208 (9th Cir.2001), *cert. denied,* 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). Thus, negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6). *Geiger,* 523 U.S. at 64, 118 S.Ct. 974.

Because under California law a default judgment is conclusive to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on the allegations denied by the answer, this Court need only look to the Complaint upon which default judgment was granted to determine intent.[2]

In the instant case, the exemplary damages attachment to the Complaint aptly plead that the Defendant acted "with malice in intentionally keeping the insurance money . . ." Pursuant to California law, that matter is deemed conclusive and the Defendant is estopped from denying that allegation in the present proceeding. Moreover, this Court must also find the default judgment conclusive to the issues tendered by the complaint, including the allegation that the Defendant acted with malice in intentionally keeping the insurance money. Thus, because the Complaint upon which the State Court Judgment

---

[2] In her response, the Defendant cites *In re Hubbard*, 167 B.R. 969 (Bankr. D. N. M. 1994) for the proposition that "a default judgment merely disposes of the cause of action before the court and is not a reliable adjudication of any issue except for that case, and should not have a collateral estoppel effect in a bankruptcy dischargeability proceeding." However, the Defendant's reliance on *Hubbard* is misplaced. In applying collateral estoppel principles to state court judgments, a federal court must apply the state law governing collateral estoppel for the state where the judgment was rendered. *In re Shore,* 317 B.R. 536, 541 (10th Cir. BAP 2004). This Court's decision in *Hubbard* was based on Oregon law. In the present case, California law is authoritative.

7

was issued includes an allegation of both malice and intent with regard to conversion, and because the former Complaint is conclusive, this Court concludes that Plaintiff has satisfied the second prong of the willfulness requirement necessary for a determination of non-dischargeability under 11 U.S.C. § 523(a)(6).

## CONCLUSION

Based on the foregoing, the Court finds that summary judgment on Plaintiff's claim for nondischargeability of debt under 11 U.S.C. § 523(a)(6) is appropriate.

WHEREFORE, IT IS HEREBY ORDERED, that the Plaintiff's Motion for Summary Judgment is GRANTED. The Court will enter a Judgment in conformity with this Memorandum Opinion.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

| | |
|---|---|
| Jennie Deden Behles. | Clarke C. Coll |
| Counsel for Plaintiff | Counsel for Defendant |
| P.O. Box 7070 | P.O. Box 550 |
| Albuquerque, NM 87194-7070 | Roswell, NM 88202-0550 |

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545